UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. ENCISO,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No: 22 CV 3581 |
| | ) | |
| vs. | ) | |
| | ) | |
| **XPO LOGISTICS,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("ACT"), for the Defendant, **XPO LOGISTICS** ("XPO" or Defendant) having subjected Plaintiff, **RICHARD A. ENCISO**, hereinafter ("ENCISO" or "Plaintiff") to race discrimination (disparate treatment) and a hostile work environment, despite ENCISO's complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful where and is now being committed in the Northern District of Illinois Northern Division.

**PARTIES**

4. ENCISO is an Hispanic male and a resident of Hanover Park, DuPage, County, Illinois.

5. ENCISO was an employee of XPO as a driver until his termination on January 27, 2020.

6. At all times relevant, XPO is a for profit corporation and doing business in Illinois.

7. XPO is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, XPO having subjected Plaintiff, ENCISO to race discrimination by failure to treat him the same as non-Hispanic employees and allowing him to be subjected to unfair racial treatment in discipline and a hostile work environment despite ENCISO complaints about same, as he was subjected to excessive discipline and terminated on January 27. 2020.

9. Defendants by its action or actions of its agents, caused and unreasonably interfered with the terms and conditions of Plaintiff's employment and performance in his job and discipline, as compared to non-Hispanic employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the race discrimination and disparate treatment by Defendants, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

11. Further, said action on the part of the Defendants were done with malice and reckless disregard for Plaintiff's protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity (EEOC) on June 14, 2020. Those charges were timely filed, under the ACT. (See Exhibit "A"),

13. On April 13, 2022, Plaintiff was sent a notice from the EEOC of her right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RETALIATION)

14. ENCISO realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. Defendants' agents have intentionally retaliated against ENCISO, based upon filing his prior complaints against XPO and how he was mistreated and the continuous impairment of his working conditions. Thereafter, Defendant's agents created a retaliatory and offensive hostile work environment by treating him differently than other employees in discipline and terminated on June 14, 2020. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

16. By reason of this retaliation by Defendants," ENCISO has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

17. Further, said action on the part of the Defendants done with malice and reckless disregard for Plaintiff's protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, ENCISO prays for judgment as follows:

1. Declare the conduct engaged in by XPO to be in violation of ENCISOS rights;

2. For injunctive relief, including but not limited to reinstatement and relief required to make ENCISO whole for any losses caused by the violations of XPO and protect him from further mental harm;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

Richard A. ENCISO

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Attorney for Plaintiff
Address: 10 N. Martingale Road, Suite 400
City: Schaumburg, Illinois 60173
Telephone: (847) 466-1099